1

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi (Cal. Bar No. 224887)

2

One Embarcadero Center, 38th Floor
San Francisco, CA 94111

3

Email: jsagafi@outtengolden.com
Telephone: (415) 638-8800

4

Facsimile: (415) 638-8810

5

**SOMMERS SCHWARTZ, P.C.**

6

Kevin J. Stoops (*pro hac vice* forthcoming)
Charles R. Ash, IV (*pro hac vice* forthcoming)

7

One Towne Square, 17th Floor
Southfield, Michigan 48076

8

Telephone: 248-355-0300
Facsimile: 248-746-4001

9

Email: kstoops@sommerspc.com

10

Email: crash@sommerspc.com

11

*Attorneys for Plaintiff and Proposed Collective*
*and Class members*

12

13

**UNITED STATES DISTRICT COURT**

14

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

15

MARK CASSINGHAM**,** individually and on
behalf of all others similarly situated,

16

Case No.:

17

Plaintiff,

**COMPLAINT FOR VIOLATION OF THE**
**FLSA AND STATE LAW**

vs.

18

CINTAS CORPORATE SERVICES, INC.,

**CLASS ACTION, COLLECTIVE ACTION,**
**AND REPRESENTATIVE ACTION**

19

Defendant.

**DEMAND FOR JURY TRIAL**

20

21

Plaintiff Mark Cassingham ("Plaintiff"), on behalf of himself and all others similarly

22

situated, files this class, collective, and representative action (the "Complaint") against Cintas

23

24

Corporate Services, Inc. ("Defendant" or "Cintas"), and alleges as follows:

**INTRODUCTION**

25

26

1.      Cintas is a corporation that "provides highly specialized products and services to

27

over 900,000 customers throughout the United States."  See http://www.cintas.com/company/ (last

28

visited on 8/14/17).  More specifically, Cintas offers fire protection products and services and

employs certain nonexempt, hourly-paid workers as Fire Service Technicians (hereinafter "Technicians") to install, repair, and/or maintain fire alarm systems located in customers' homes or worksites.

2.    Plaintiff works for Cintas as a non-exempt Technician.  Plaintiff brings this action on behalf of all similarly situated individuals, as set forth in the class definitions in paragraphs 41, 46, and 59 below.  Plaintiff and the individuals similarly situated to him are referred to herein generally as "Class Members" or "Technicians."

3.    Cintas maintains and has maintained a policy and practice of failing to pay Plaintiff and Class Members the correctly calculated overtime rate of time-and-a-half their "regular rate" and for all hours worked, such as time that they spent traveling to and from the first and last worksites during the workday or for time spent pre- and post-shift preparing paperwork.  Plaintiff and Class Members spend significant time performing this work off the clock, and Cintas does not pay them for this time.  Because much of this time qualifies as overtime within the meaning of applicable federal and state laws, Plaintiff and Class Members are owed overtime pay for this time.

4.    Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid wages and other damages owed under: (1) the Fair Labor Standards Act ("FLSA") as a 29 U.S.C. § 216 collective action, (2) California Labor Code §§ 510 and 1194 for unpaid overtime compensation as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (3) California Labor Code §§ 1182.12, 1194, 1197, 1194.2 and 1198 for unpaid minimum wages as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (4) California Labor Code § 223 for failure to pay wages at the designated rate as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (5) California Labor Code § 226 for failure to provide accurate wage statements as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (6) the Private Attorney General Act ("PAGA"), (7) California Business & Professions Code § 17200 *et seq.* as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and (8) common law breach of contract.

**JURISDICTION**

5.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

6.     This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).   This is a class action in which: (1) there are 100 or more members in the proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

7.     This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

9.     Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

10.     A substantial part of the events or omissions which give rise to the claims occurred in Santa Clara County, and therefore this action is properly assigned to the San Jose Division.  N.D. Cal. Local Rule 3-2(c).  Cintas employed Plaintiff at its facility in San Jose, California and Plaintiff resides in San Jose.

**PARTIES AND PERSONAL JURISDICTION**

11.     Plaintiff Mark Cassingham is an individual currently residing in San Jose, California.  Cintas employed Plaintiff Cassingham as a Fire Service Technician from January 29, 2016 to May 19, 2017.  Plaintiff Cassingham signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

12.     Cintas Corporate Services, Inc is an Ohio corporation doing business in the state of California.   Upon information and belief, Cintas is headquartered at 6800 Cintas Boulevard, Mason, Ohio 75040.  Cintas' registered office address in California is 2710 Gateway Oaks Dr., Sacramento, California 95833.

13.     This Court has personal jurisdiction over Cintas because it conducts regular and systematic business activities in California.  Cintas also purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over Cintas, and the assumption of jurisdiction over Cintas will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

14.     Cintas contracts with California residents and businesses located in California to install, repair, and maintain fire alarm systems.   Cintas advertises, employs workers (such as Plaintiff), and owns property in California. Cintas maintains a number of operating facilities within California.  Accordingly, this Court has personal jurisdiction over Cintas.

### GENERAL ALLEGATIONS

15.     Cintas employed Plaintiff, Mark Cassingham, as a Technician at its San Jose, California branch.  Cintas employed Plaintiff in that capacity since January 29, 2016 to May 19, 2017, and at all times, paid him by the hour, most recently at the rate of $22.00 per hour.

16.     Cintas employs Plaintiff and other Technicians to install, repair, and maintain fire alarm systems in accordance with established NFPA standards, manufacturer's specifications, local jurisdictional codes that exceed NFPA standards, and OSHA and other safety regulations.

17.     Cintas provides Plaintiff and other Technicians with a "Service Philosophy" policy when they are hired, which requires them to follow all of the current policies, procedures, and practices as defined by Cintas' operation manual.  This document is in Cintas' possession.

18.     Cintas issues Plaintiff and other Technicians company vehicles to drive to and from worksites in order to perform their job.  Technicians take those company vehicles home after work, where they remain parked until the next workday begins.  The following day, the Technician drives from his home to the first work site of the day.

COLLECTIVE AND CLASS ACTION COMPLAINT

19.     Plaintiff and other Technicians are required to sign an acknowledgment with Cintas that prohibits them from using the vehicle for any personal reasons. The agreement states the following:

> **I [Insert Technician's Name], understand a company issued vehicle is not to be used for personal use, company issued vehicles are to be used for company related job assignments and tasks only**; I understand all vehicles are monitored by a GPS unit which is never to be tampered with.  Further, I understand my duty to ensure vehicle cleanliness and organization at all times, smoking, drinking, and cell phone use (texting/talking without a Bluetooth device) is never permitted in a company issued vehicle.

*Exhibit B*, Cintas Vehicle Acknowledgement.

20.     The primary job duty of Plaintiff and other Technicians is to install, maintain, and repair fire alarm systems in Cintas' customers' homes or businesses.  Plaintiffs are required to use a Cintas vehicle and uniform to perform their job duties.

21.     Cintas employs and has employed all Technicians on an hourly, nonexempt basis to provide these services for its customers.

22.     Cintas pays Plaintiff Cassingham a regular hourly rate of $22.00 per hour and an overtime rate of $33.00 per hour for hours worked in excess of forty in a single workweek and for hours in excess of eight (8) hours in a work day.

23.     Plaintiff and other technicians were treated and held out by Cintas as employees and they performed job duties that reflected such status.

### Pre-Shift Off-the-Clock Work

24.     Prior to clocking in, Cintas requires Plaintiff and all other Technicians to perform a vehicle inspection and to prepare a Driver Vehicle Inspection Report (hereinafter, "Inspection Report").  The Inspection Reports are prepared at the Technician's home, before the Technician departs to the location of their first customer.  This process takes substantial time each day, generally between 10 and 15 minutes, for which Cintas fails to pay Plaintiff and all other Technicians any compensation.

25.     In order to prepare the Inspection Report, Technicians are required to evaluate the Cintas-vehicle's oil, tire pressure, lights, wiper and radiator fluids, mirrors, exterior of the vehicle,

1   and brakes, among other things.  Plaintiff has attached sample form of an Inspection Report to this

2   Complaint. ***Exhibit C***, Inspection Report.

3          26.      Additionally, after Technicians complete the Inspection Report, Cintas maintains a

4   common policy under which it does not compensate Plaintiff and other Technicians for the time

5   spent travelling to their first job site in the Cintas work vehicle.

6          27.      Upon information and belief, Cintas previously followed a policy pursuant to which

7   it paid Technicians for the first 50 miles of their drive to their first worksite. However, Cintas

8   subsequently revised that policy and now compensates Technicians only for drive time to the first

9   worksite of the day if the drive exceeds one (1) hour. In other words, drives of less than one (1)

10  hour are unpaid.

11         28.      Cintas does not permit Plaintiff and other Technicians to deviate from their route

12  between completion of the Inspection Report and the drive to the first worksite of the day.  During

13  this time, Plaintiff and other Technicians are under the total control of Cintas.

14                          **Post-Shift Off-the-Clock Work**

15         29.      After Plaintiff and other Technicians complete their service at the last worksite, they

16  were required to return the company vehicle to their home.  Cintas prohibited Technicians from

17  making any personal stops on the trip back to their home.  Plaintiff and the other Technicians

18  remain under the total control of Cintas while returning Cintas vehicles to their homes.

19         30.      Cintas maintains a common policy in which it does not pay Plaintiff and other

20  Technicians for the time spent travelling from their last worksite to their home.

21         31.      Upon information and belief, Cintas previously followed a policy pursuant to which

22  it paid Technicians for the first 50 miles of their drive from their last worksite. However, Cintas

23  subsequently revised that policy and now compensates Technicians only for drive time from the

24  last worksite of the day if the drive exceeds one (1) hour. In other words, drives of less than one (1)

25  hour are unpaid.

26         32.      After returning to their home, and after clocking out, Plaintiff and other Technicians

27  are required to prepare another Inspection Report.  The Inspection Report requires Technicians to

28  evaluate the Cintas-vehicle's oil, tire pressure, lights, wiper and radiator fluids, mirrors, exterior of

the vehicle, and brakes, among other things.  This process takes substantial time each day, generally between 10 and 15 minutes, for which Cintas fails to pay Plaintiff and all other Technicians any compensation.

**Exemplary Pay Periods**

33.     Upon information and belief, Cintas pays Plaintiff and all other similarly situated Technicians on a weekly basis.  An example of Cintas failing to pay Plaintiff Cassingham overtime for hours worked in excess of 40 hours (as mandated by the FLSA) includes the following:

Pay Period Ending 10-22-16

- Cintas paid Plaintiff for 40 hours at his regular hourly rate ($22.00 per hour) and 8 hours at his overtime rate ($33.00 per hour). ***Exhibit D***, Paystubs.
- With at least 20 to 30 minutes per day spent preparing Inspection Reports, in a five-day work week, Plaintiff should have been paid an additional 100 to 150 minutes at his overtime rate.
- Additionally, with a modest estimate of 30 minutes of travel to the first worksite and 30 minutes of travel back from the last worksite, Plaintiff should have been paid an additional 5 hours at his overtime rate for time spent in transit to and from the first and last worksites.

Pay Period Ending 11-05-16

- Cintas paid Plaintiff for 40 hours at his regular hourly rate ($22.00 per hour) and 4 hours at his overtime rate ($33.00 per hour). ***Exhibit D***, Paystubs.
- With at least 20 to 30 minutes per day spent preparing Inspection Reports, in a five-day work week, Plaintiff should have been paid an additional 100 to 150 minutes at his overtime rate.
- Additionally, with a modest estimate of 30 minutes of travel to the first worksite and 30 minutes of travel back from the last worksite, Plaintiff should have been paid an additional 5 hours at his overtime rate.
- Additionally, with a modest estimate of 30 minutes of travel to the first worksite and 30 minutes of travel back from the last worksite, Plaintiff should have been paid an additional 5 hours at his overtime rate for time spent in transit to and from the first and last worksites.

**Cintas Benefitted from the Uncompensated Off-the-Clock Work**

34.     At all relevant times, Cintas directed and directly benefited from the work performed by Plaintiff and similarly situated employees in connection with the above described pre-shift and post-shift activities performed by Plaintiff and other technicians.

35.     At all relevant times, Cintas controlled the work schedules, duties, protocols, assignments and employment conditions of Plaintiff and other Technicians.

36.     At all relevant times, Cintas was able to track the amount of time Plaintiff and the other Technicians spent in connection with pre-shift and post-shift activities.  However, Cintas failed to do so and failed to compensate Plaintiff and other Technicians for the off-the-clock work they performed.

37.     At all relevant times, Cintas' policies and practices deprived Plaintiff and the other Technicians of wages owed for pre-shift and post-shift activities they performed.  Because Cintas' Technicians typically worked forty (40) hour or more in a workweek, Cintas' policies and practices also deprived them of overtime pay.

38.     Cintas knew or should have known that the time spent by Plaintiff and other Technicians in connection with the pre-shift and post-shift activities is compensable under the law.

39.     Despite knowing Plaintiff and other Technicians performed work before and after their scheduled shifts, Cintas failed to make any effort to stop or disallow the off-the-clock work and instead suffered, permitted, and even ordered it to happen.

40.     Unpaid wages related to the off-the-clock work described herein is owed to Plaintiff and other Technicians at the FLSA mandated overtime premium of one and one-half their regular hourly rate because Plaintiff and the other Technicians regularly worked in excess of forty (40) hours in a workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All current and former Technicians who worked for Cintas at any time after August 29, 2014 and through the date of Judgment.*

(Hereinafter referred to as the "Collective.")  Plaintiff reserves the right to amend this definition as necessary.

42.     Excluded from the proposed Collective are Cintas' executives, administrative and professional employees, including computer professionals and outside sales persons.

43.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29

U.S.C. § 216(b).  The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

44.     The employment relationships between Cintas and every Collective member is the same and differ only by name, location, and rate of pay. The key issues – whether Cintas failed to pay Technicians for all hours worked, including pre- and post-shift work activities and whether such time is compensable – do not vary substantially among the Collective members.

45.     Plaintiff estimates the Collective, including both current and former employees over the relevant period, will include several thousand members. The precise number of Collective members should be readily available from a review of Cintas' personnel and payroll records.

## RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on their own behalf and on behalf of:

> *All current and former Technicians who worked for Cintas at any time after August 29, 2014 and through the date of Judgment.*

(hereinafter referred to as the "Rule 23 Nationwide Class").  Plaintiff reserves the right to amend this definition as necessary.

47.     The members of the Rule 23 Nationwide Class are so numerous that joinder of all Rule 23 Nationwide Class members in this case would be impractical.  Plaintiff reasonably estimates there are thousands of Rule 23 Nationwide Class members. Rule 23 Nationwide Class members should be easy to identify from Cintas' computer systems and electronic payroll and personnel records.

48.     Commonality.   There is a well-defined community of interest among Rule 23 Nationwide members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nationwide Class.  These common legal and factual questions, include, but are not limited to, the following:

a. Whether the pre- and post-shift time spent by the Rule 23 Nationwide Class members on the preparation of Inspection Reports is compensable time;

b. Whether the pre- and post-shift time spent by the Rule 23 Nationwide Class members travelling to the first worksite of the day is compensable time;

c. Whether the pre- and post-shift time spent by the Rule 23 Nationwide Class members travelling from the last worksite of the day is compensable time; and

d. Whether Cintas' failure to compensate the Rule 23 Nationwide Class members for these essential work activities amounts to a breach of contract.

49.     <u>Numerosity</u>.  Plaintiff estimates the size of the Rule 23 Nationwide Class to be in excess of 1000 individuals.  This size makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Rule 23 Nationwide Class as a plaintiff in this action is impracticable.  The identity of the members of the Rule 23 Nationwide Class will be determined from Cintas' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Rule 23 Nationwide Class and Cintas.

50.     <u>Typicality</u>.  Plaintiff's claims are typical of those of the Rule 23 Nationwide Class in that they and all other Rule 23 Nationwide Class members suffered damages as a direct and proximate result of the Cintas' common and systemic payroll policies and practices.  Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Nationwide Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Nationwide Class members.

51.     <u>Adequacy</u>.  Plaintiff will fully and adequately protect the interests of the Rule 23 Nationwide Class and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nationwide Class.

52.     <u>Superiority</u>.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nationwide Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their

1 employer.  Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of

2 duplicative lawsuits being filed in state and federal courts throughout the nation.

3    53.    <u>Manageability</u>.  This case will be manageable as a Rule 23 Class action. Plaintiff

4 and her counsel know of no unusual difficulties in this case and Cintas has advanced, networked

5 computer and payroll systems that will allow the class, wage, and damages issues in this case to be

6 resolved with relative ease.  By concentrating this litigation in one forum, judicial economy and

7 parity among the claims of individual Rule 23 Nationwide Class members will be promoted.

8 Additionally, class treatment in this matter will provide for judicial consistency.

9    54.    Notice of the pendency and any resolution of this action can be provided to the Rule

10 23 Nationwide Class by mail, electronic mail, text message, print, broadcast, internet and/or

11 multimedia publication.   The identity of members of the Rule 23 Nationwide Class is readily

12 identifiable from Cintas' records.

13    55.    This type of case is well-suited for class action treatment because: (1) Cintas'

14 practices, policies, and/or procedures were uniform; (2) the burden is on Cintas to prove that it

15 properly compensated Plaintiff and Class Members; and (3) the burden is on Cintas to accurately

16 record hours worked by employees.

17    56.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is

18 appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct.

19 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose

20 suit meets the specified criteria to pursue his claim as a class action").

21    57.    Because Cintas acted and refused to act on grounds that apply generally to the Rule

22 23 Nationwide Class and declaratory relief is appropriate in this case with respect to the Rule 23

23 Nationwide Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate

24    58.    Ultimately, a class action is a superior form to resolve the breach of contract claims

25 detailed herein because of the common nucleus of operative facts centered on the continued failure

26 of Cintas' to pay Plaintiff and the Rule 23 Nationwide Class as agreed.

27

28

**RULE 23 CALIFORNIA CLASS ACTION ALLEGATIONS**

59.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on their own behalf and on behalf of:

> *All current and former Technicians who worked for Cintas in California at any time after August 29, 2013 and through the date of Judgment.*

(hereinafter referred to as the "Rule 23 California Class").  Plaintiff reserves the right to amend this definition as necessary.

60.     The members of the Rule 23 California Class are so numerous that joinder of all Rule 23 California Class members in this case would be impractical.  Plaintiff reasonably estimates there are hundreds of Rule 23 California Class members. Rule 23 California Class members should be easy to identify from Cintas' computer systems and electronic payroll and personnel records.

61.     Commonality.   There is a well-defined community of interest among Rule 23 California members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 California Class.  These common legal and factual questions, include, but are not limited to, the following:

a.     Whether the pre- and post-shift time spent by the Rule 23 California Class members on the preparation of Inspection Reports is compensable time;

b.     Whether the pre- and post-shift time spent by the Rule 23 California Class members travelling to the first worksite of the day is compensable time;

c.     Whether the pre- and post-shift time spent by the Rule 23 California Class members travelling from the last worksite of the day is compensable time; and

d.     Whether Cintas' failure to compensate the Rule 23 California Class members for these essential work activities amounts to a violation of California labor and employment laws.

62.     Numerosity.  Plaintiff estimates the size of the Rule 23 California Class to be in excess of 100 individuals.  This size makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Rule 23 California Class as a plaintiff in this action is impracticable.  The identity of the members of the Rule 23 California Class will be determined from Cintas' records, as will the compensation paid to

1    each of them.  As such, a class action is a reasonable and practical means of resolving these claims.

2    To require individual actions would prejudice the Rule 23 California Class and Cintas.

3        63.    Typicality.  Plaintiff's claims are typical of those of the Rule 23 California Class in

4    that they and all other Rule 23 California Class members suffered damages as a direct and

5    proximate result of the Cintas' common and systemic payroll policies and practices.  Plaintiff's

6    claims arise from the same pay policies, practices, promises and course of conduct as all other Rule

7    23 California Class members' claims and his legal theories are based on the same legal theories as

8    all other Rule 23 California Class members.

9        64.    Adequacy.  Plaintiff will fully and adequately protect the interests of the Rule 23

10   California Class and have retained counsel who are qualified and experienced in the prosecution of

11   nationwide wage and hour class actions, including California state law wage and hour claims.

12   Neither Plaintiff nor their counsel have interests that are contrary to, or conflicting with, the

13   interests of the Rule 23 California Class.

14       65.    Superiority.  A class action is superior to other available methods for the fair and

15   efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule

16   23 California Class members to prosecute individual actions of their own given the relatively small

17   amount of damages at stake for each individual along with the fear of reprisal by their employer.

18   Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative

19   lawsuits being filed in state and federal courts throughout the nation.

20       66.    Manageability.  This case will be manageable as a Rule 23 Class action. Plaintiff

21   and her counsel know of no unusual difficulties in this case and Cintas has advanced, networked

22   computer and payroll systems that will allow the class, wage, and damages issues in this case to be

23   resolved with relative ease.  By concentrating this litigation in one forum, judicial economy and

24   parity among the claims of individual Rule 23 California Class members will be promoted.

25   Additionally, class treatment in this matter will provide for judicial consistency.

26       67.    Notice of the pendency and any resolution of this action can be provided to the Rule

27   23 California Class by mail, electronic mail, text message, print, broadcast, internet and/or

28

multimedia publication.   The identity of members of the Rule 23 California Class is readily identifiable from Cintas' records.

68.     This type of case is well-suited for class action treatment because: (1) Cintas' practices, policies, and/or procedures were uniform; (2) the burden is on Cintas to prove that it properly compensated Plaintiff and the Class Members; and (3) the burden is on Cintas to accurately record hours worked by employees.

69.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

70.     Because Cintas acted and refused to act on grounds that apply generally to the Rule 23 California Class and declaratory relief is appropriate in this case with respect to the Rule 23 California Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate

71.     Ultimately, a class action is a superior form to resolve the breach of contract claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Cintas' to pay Plaintiff and the Rule 23 California Class as agreed.

**FIRST CAUSE OF ACTION**
**NATIONWIDE:  Failure To Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**
**On Behalf of Plaintiff and the FLSA Collective**

72.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

73.     At all times relevant to this action, Cintas was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

74.     At all relevant times to this action, Cintas has engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

75.     At all times relevant to this action, Plaintiff and the members of the Collective were "employees" of Cintas within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

76.     Plaintiff and the members of the Collective were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

77.     Cintas has had, and continues to have, an annual gross business volume in excess of $500,000.

78.     At all times relevant to this action, Cintas "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

79.     The FLSA requires each covered employer such as Cintas to compensate all nonexempt employees at a rate of not less than one-and-a-half times their "regular rate" of pay for work performed in excess of forty hours in a workweek.

80.     Cintas failed to pay Plaintiff and the FLSA Collective all overtime pay due by failing to incorporate time spent preparing Inspection Reports into the calculation of their hours worked.  Plaintiff estimates that he and other Technicians spent between twenty (20) to thirty (30) minutes per shift performing uncompensated work related to the preparation of inspection reports.

81.     In addition, Cintas did not pay Plaintiff and the FLSA Collective for the time spent traveling to the first worksite of the day (after the start-of-day Inspection Report was completed) and from the last worksite of the day (before the end-of-day Inspection Report was completed), even though this travel time occurred during the course of their workdays.  During this time, Plaintiff and FLSA Collective were under the total control of Cintas.  Much of this time qualifies as overtime hours worked, but Cintas did not pay overtime compensation to Plaintiff and the FLSA Collective for this time worked.

82.     Plaintiff and the FLSA Collective were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their "regular rate" of pay.

83.     At all relevant times, Cintas required Plaintiff and the FLSA Collective to work in excess of forty hours per workweek.  Despite the hours worked by them, Cintas willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff and the FLSA Collective the appropriate overtime wages for all compensable time worked in excess of forty

hours per workweek.  By failing to compensate Plaintiff and the FLSA Collective at a rate of not less than one-and-a-half times the "regular rate" of pay for work performed in excess of forty hours in a workweek, Cintas has violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1) and § 215(a).

84.     Plaintiff, on behalf of himself and the FLSA Collective, seek recovery of their damages, unpaid wages and unpaid overtime pay.

85.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff, on behalf of themselves and the FLSA Collective, seek recovery of their attorneys' fees and costs to be paid by Cintas, as provided for by 29 U.S.C. § 216(b).

87.     Plaintiff, on behalf of themselves and the FLSA Collective, seek recovery of liquidated damages.

88.     As a result of Cintas' willful and unlawful failure to pay Plaintiff all of his earned overtime wages, Plaintiff is entitled to recover his unpaid overtime wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.  Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of the respective unpaid overtime compensation owed, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**CALIFORNIA: Failure To Pay Overtime**
**(California Labor Code §§ 510 and 1194)**
**On Behalf of Plaintiff and the California Class**

89.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

90.     At all relevant times, Cintas was required to compensate its nonexempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Cintas was required to compensate all of its employees for all overtime worked at one-and-a-half times their "regular rates" of pay for hours worked in excess of eight hours per day or forty hours per workweek and double-time for hours worked in excess of twelve (12) hours per day.  Cintas was

also required to pay one-and-a-half times the "regular rate" for the first eight hours worked on the seventh day of a workweek.

91.     Cintas failed to pay Plaintiff and the California Class Members all overtime and double-time pay due by failing to incorporate the time spent preparing Inspection Reports and travel time to and from their first and last work sites into the calculation of their regular rate.

92.     Despite the provisions of California's overtime law, Cintas has willfully failed and refused to pay the California Class, including Plaintiff, overtime wages for all of the overtime hours they worked.

93.     The California Class Members, including Plaintiff, have been deprived of their rightfully earned overtime wages as a direct and proximate result of Cintas' failure and refusal to pay such compensation.

94.     Cintas' conduct violates California Labor Code §§ 510 and 1194.   Therefore, pursuant to California Labor Code § 1194, the California Class Members, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight hours per day, in excess of forty hours per workweek, for the first eight hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**THIRD CAUSE OF ACTION**
**CALIFORNIA:  Failure To Pay Minimum Wage**
**(California Labor Code §§ 1182.12, 1194, 1197, 1194.2 and 1198)**
**On Behalf of Plaintiff and the California Class**

95.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

96.     At all relevant times, Plaintiff and the California Class Members earned "wages" for labor or services rendered to Cintas within the meaning of California Labor Code § 200(a) and/or "hours worked" within the meaning of the applicable Wage Order of the Industrial Wage Commission.

97.     Employers are required to pay their employees for all hours worked.  During all relevant times, Cintas failed to properly pay Plaintiff and the California Class Members for all the hours they worked and/or were subject to Cintas' control.  Specifically, Cintas failed to properly record all hours worked by the California Class Members.  For example, Cintas allowed, encouraged, or required Plaintiff and California Class Members to prepare Inspection Reports at the start and end of their shift while off the clock.  After or before the preparation of the daily Inspection Reports, Cintas also allowed, encouraged, or required Plaintiff and California Class Members to drive to the first worksite of the day and from the last worksite of the day while under the complete control of Cintas and while clocked out.

98.     Cintas improperly withheld, deducted, and/or refused to pay wages for hours that Plaintiff and the California Class Members worked.

99.     Cintas' conduct deprived Plaintiff and the California Class Members of full and timely payment for all hours worked in violation of the California Labor Code.

100.    Cintas did not pay Plaintiff and the California Class Members for all hours worked and did not properly pay Plaintiff and the California Class Members, in violation of California Labor Code §§ 1182.12, 1194, 1197, and/or 1198.

101.    As a result of Cintas' willful and unlawful failure to pay Plaintiff and the California Class Members their earned wages, Plaintiff and the California Class Members are entitled to recover their unpaid wages, liquidated damages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

**FOURTH CAUSE OF ACTION**
**CALIFORNIA:  Payment of Wage Below Designated Rate**
**(California Labor Code § 223)**
**On Behalf of Plaintiff and the California Class**

102.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

103.    California Labor Code § 223 provides that "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

104.    At all times relevant hereto, Cintas has failed to pay Plaintiff and the members of the California Class designated rates for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

105.    At all times relevant hereto, Cintas has paid less than the agreed upon compensation owed to Plaintiff and California Class Members, while purporting to pay the designated wage scale. As a result, Cintas' conduct violates Labor Code § 223.

106.    At all times relevant hereto, Cintas has willfully failed to keep the records required by Labor Code § 1174.  By failing to maintain adequate time records as required by Labor Code § 1174(d) and IWC Wage Order, number 4, § 7(A), Cintas has made it difficult to calculate the compensation due Plaintiff and California Class Members.

107.    Cintas owes Plaintiff and California Class Members wages at the designated rate pursuant to the Labor Code in amounts to be determined at trial for the hours worked during the relevant time period.

108.    Plaintiff and California Class Members request payment of unpaid wages at the designated rate in amounts to be determined at trial, interest, and attorneys' fees and costs against Cintas in a sum as provided by the Labor Code and/or other statutes and the relief requested below in the Prayer for Relief.

**FIFTH CAUSE OF ACTION**
**CALIFORNIA:  Failure to Provide Accurate Wage Statements**
**(California Labor Code § 226)**
**On Behalf of Plaintiff and the California Class**

109.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

110.    California Labor Code § 226 provides that an employer shall furnish its employees with accurate itemized statements in writing showing gross wages earned and total hours worked by the employee, among other items of information.

111.    During all relevant times, Cintas knowingly and willfully violated California Labor Code § 226 by failing to provide Plaintiff and the members of the California Class with accurate wage statements as alleged herein.  Cintas knowingly and willfully violated said Labor Code

provision by providing Plaintiff and members of the California Class with wage statements that systematically undercounted the number of hours that Plaintiff and members of the California Class worked.  Cintas is therefore liable to Plaintiff and the members of the California Class for providing inaccurate wage statements in violation of Labor Code § 226.

112.    Plaintiff, individually and on behalf of the members of the California Class, respectfully request that the Court award all penalties due and the relief requested below in the Prayer for Relief.

### SIXTH CAUSE OF ACTION
**California PAGA Claims**
**(California Labor Code §§ 2698 - 2699.5)**
**On Behalf of Plaintiff Cassingham and aggrieved employees**

113.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

114.    Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the Cal. Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee, pursuant to Cal. Labor Code § 2699.

115.    Pursuant to Cal. Labor Code § 1198, Cintas' failure to pay proper compensation to Plaintiff and the California Class Members, and failure to provide Class Members with accurate wage statements constitutes violations of the Cal. Labor Code, each actionable under PAGA.

116.    Plaintiff alleges, on behalf of himself and the California Class, as well as the general public, that Cintas has violated the following provisions of the Cal. Labor Code and the following provisions of Cal. Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Labor Code §§ 510, 1194, Cal. Labor Code §§ 1182.12, 1194, 1197, 1194.2 1198, Cal. Labor Code § 223, Cal. Labor Code §§ 201-203, 205, and Cal. Labor Code §§ 226 & 2802.  Each of these violations entitles Plaintiff, as private attorney general, to recover the

applicable statutory civil penalties on their own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

117.   Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

118.   Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

119.   Plaintiff is entitled to civil penalties, to be paid by Cintas and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a) for Cintas' violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law. Further, Plaintiff is entitled to civil penalties, to be paid by Cintas and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(f) for Cintas' violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

120.   On August 7, 2017, Plaintiff provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to Cintas of the legal claims and theories of his claims in this case.  The LWDA did not respond to the letter.

121.   Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the Cal. Labor Code that are alleged in this Complaint, including but not limited to penalties pursuant to Labor Code §§ 210, 225.5, 226.3, 558, 1174.5, 1197.1, and 2699 (f).

122.   Plaintiff, on behalf of himself and all California Class Members, also request further relief set forth herein.

**SEVENTH CAUSE OF ACTION**
**CALIFORNIA:  Unlawful and/or Unfair Competition Law Violations**
**(California Business & Professions Code § 17200 *et seq.*)**
**On Behalf of Plaintiff and the California Class**

123.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

124.    California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

125.    Plaintiff brings this cause of action individually and as a representative of all others subject to Cintas' unlawful acts and practices.

126.    During all relevant times, Cintas committed unlawful, unfair, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Cintas' unlawful, unfair, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay overtime wages at the correct rate, failing to pay minimum wages, failing to pay wages at the designated rate, and failing to provide employees with accurate wage statements.

127.    As a result of these unlawful and/or unfair and/or fraudulent business practices, Cintas reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class. Cintas must disgorge these ill-gotten gains and restore to Plaintiff and the California Class Members all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation.

128.    Plaintiff, individually and on behalf of the members of the California Class, respectfully requests that judgment be awarded to provide restitution and interest, and the relief requested below in the Prayer for Relief.

**EIGHTH CAUSE OF ACTION**
**NATIONWIDE:  Breach of Contract**
**On Behalf of Plaintiff and the Rule 23 Nationwide Class**

129.    Plaintiff incorporates all other paragraphs as though fully stated herein.

130.    At all times relevant to this action, Cintas had contracts with Plaintiff and every other Rule 23 Nationwide Class Member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate.

131.   Each Rule 23 Nationwide Class member's contractual hourly rate is identified in paystubs and other records that Cintas prepares as part of its regular business activities.

132.   Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Cintas' contractual promises and performed under the contract by doing their jobs and carrying out the work they performed each shift, including the unpaid off-the-clock work that was required of them, that they performed, and that was accepted by Cintas, in connection with the pre-, mid- and post-shift work activities described herein.

133.   By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the pre-, mid-, and post shift activities performed prior to clocking in or after they clocked out for each shift, Cintas systematically breached its contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

134.   This claim is appropriate to the extent Plaintiff's and the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in that Cintas paid them more than the applicable minimum wage but less than 40 hours per week (i.e., pure "gap time" claims).

135.   Cintas also breached its duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Nationwide Class members spent performing pre-, mid-, and post-shift work.  Such record keeping is a fundamental part of an "employer's job."

136.   As a direct and proximate result of Cintas' breaches of the contracts alleged herein, Plaintiff and every other member of the Rule 23 Nationwide Class have been damaged, in an amount to be determined at trial.

137.   These claims are appropriate for nationwide class certification under Rules 23(b)(2) and (b)(3) because the law of contracts is substantially the same throughout the United States.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself, all aggrieved employees, all of the FLSA Collective Members, the Nationwide Class Members, and the California Class Members, pray for relief as follows:

> A.  Certifying that this action may proceed as an FLSA collective action, Nationwide class action, and California class action under Rule 23;

B.  Declaring that Cintas' policies and/or practices of failing to pay overtime wages, to pay minimum wages, to pay wages at the designated rate, and to provide and accurate wage statements violate the FLSA and/or California law;

C.  Declaring that Cintas' above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

D.  Preliminary, permanent, mandatory injunctive relief prohibiting Cintas, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

E.  Declaring that Cintas' policies and/or practices of failing to pay overtime wages to the FLSA Collective Members violates the FLSA;

F.  Awarding damages, liquidated damages, restitution, and/or statutory and civil penalties and interest thereon as allowed by law to be paid by Cintas for the causes of action alleged herein;

G.  Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, state law, and as otherwise permitted by law;

H.  Awarding class representative service payments to Plaintiff and all other class representatives for their service to the FLSA Collective Members, the Class Members, and the public; and

I.  Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, respectfully demand a trial by jury.

1

DATED:  August 29, 2017

By: */s/ Kevin J. Stoops*

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (*pro hac vice* forthcoming)
Charles R. Ash, IV (*pro hac vice* forthcoming)
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
Facsimile: 248-746-4001
Email: kstoops@sommerspc.com
Email: crash@sommerspc.com

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi (Cal. Bar No. 224887)
One Embarcadero Center, 38th Floor
San Francisco, CA  94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
Email: jsagafi@outtengolden.com

*Attorneys for Plaintiff and Proposed Collective and Class members*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28